**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ACADEMY HILL INC. *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LAMBERTVILLE *et al.*,<br><br>Defendants. | Civil Action No. 21-11979 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendants City of Lambertville, David DelVecchio, Julia Fahl, Benedetta Lambert, Kenneth Rogers, Wardell Sanders, Steve M. Stegman, and Julia Taylor's ("Defendants") Motion to Dismiss (ECF No. 11).[1] Academy Hill Inc. and Merrick Wilson ("Plaintiffs") opposed (ECF No. 14), and Defendants replied (ECF No. 18). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants the Motion.

I.   **BACKGROUND**

Plaintiffs are owners of a property in the City of Lambertville, New Jersey (the "City") that has been the subject of litigation for more than a decade. (Defs.' Moving Br. 1, ECF No. 11-2.)[2]

---

[1] Defendants Joseph Jingoli & Sons, Joseph Jingoli, and Michael Jingoli have not been served in this action.

[2] For the purposes of this opinion, the Court takes the allegations in the light most favorable to the Plaintiffs. The Court notes, however, that public records may be considered on a motion to dismiss. *See Pension Benefit Guar. Corp. v. White Consol. Insur. Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Defendants are the City, various City employees, and a local contracting business. (*Id.*) Plaintiffs allege that all Defendants were involved in a conspiracy of malicious prosecution, harassment, and financial harm against Plaintiffs. (*See generally* Compl., ECF No. 1.)

Plaintiffs' property was originally the site of Lambertville High School, which closed in 1955. (Defs.' Moving Br. 3 n.2, ECF No. 11-2.) Defendants claim that beginning in 2011, Plaintiffs left their property in dangerous disrepair. (*Id.* at 3,13; Compl. Ex. A, Hearing Tr. 3:13, 6:9-10 , ECF No. 1-1.) The City's Construction Official, Kenneth Rogers, therefore issued notices of violation directing Plaintiffs to remedy the violations. (Defs.' Moving Br. 3, ECF No. 11-2.) Ultimately, Defendants filed a complaint in municipal court. (*Id.*) Due to administrative delays, the case was resolved nine years later. (*Id.*) A Readington Township Municipal Court judge dismissed the Complaint because, amongst other reasons, the City had never brought an action to compel compliance with the construction code notices—a necessary precondition for the court to have jurisdiction. (Compl. Ex. A, Hearing Tr. 8:23-9:15, ECF No. 1-1.) The judge also dismissed based on "the extremely long and tortured history of the case . . . [,] the interest of justice," and the fact that the Lambertville Municipal Court did not properly have authority over the matter. (*Id.* at 9:22-10:5.)

During the pendency of the case, Plaintiffs demolished the building. (Defs.' Moving Br. 3.) Defendants contend, however, that while "Plaintiffs tore down the building . . . much debris, including the foundation and some walls, still exists[,]" posing a continuing hazard at the site. (*Id.*) Defendants, therefore, "[d]ue to the continuing unsafe nature of the Property, and the failure to completely demolish the building," issued new complaints to Plaintiffs in March 2021. (*Id.*)

Plaintiffs filed a five-count Complaint alleging malicious prosecution (Counts I and II), conspiracy (Count IV), and other unspecified constitutional violations (Counts III and V). (*See*

Compl. ¶¶ 9-39.) Plaintiffs further argue that, "Defendant[s] utilized [their] police powers to harass, humiliate and degrade the Plaintiffs[,] causing Plaintiff, Wilson, to endure psychological and emotional distress during Defendant[s]'s multi-year campaign of retribution and unconstitutional prosecution." (Compl. ¶ 10.) Plaintiffs also allege that Defendants' filing of a second construction code complaint against Plaintiffs violates the Double Jeopardy clause of the U.S. Constitution. (Compl. ¶ 38.)

Defendants assert that the complaint fails to state a claim upon which relief can be granted for several reasons: (1) as to several counts, the alleged violations themselves are hopelessly vague; (2) Plaintiffs fail to plead any facts that articulate wrongful acts by the named Defendants; (3) Plaintiffs fail to plead facts that satisfy the elements of a malicious prosecution claim; and (4) Plaintiffs fail to plead facts that satisfy the elements of a conspiracy claim. (*See generally* Defs.' Moving Br.) For these reasons, Defendants ask the Court to dismiss the complaint in its entirety.

## II.     **LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2)[3] "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-

---

[3] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III.   DISCUSSION

The Court addresses each of Plaintiffs' claims below. For the reasons set forth, the Court grants Defendants' Motion.

### A.   Counts One, Two and Three

Defendants argue that Plaintiffs' first three counts must be dismissed because, (1) Counts One and Three are improperly vague, and (2) Plaintiffs fail to plead a claim for malicious prosecution in Count Two. (Defs.' Moving Br. 8-10.) In Count One, Plaintiffs allege that, "Defendant[s] engaged in a deliberate, willful and sustained campaign to prosecute Plaintiffs without any legitimate basis or probable cause with the intention of imposing possible incarceration, fines, costs or other remedies arising from Defendant[s]' animus towards Plaintiffs." (Compl. ¶ 9.) In Count Three, Plaintiffs allege that "Rogers[,] in his capacity of Construction Code Official, individually and/or at the behest of Mayor DelVecchio as well as other Defendants[,] did

4

institute one or more municipal court complaints when he knew or should have known that such complaints were without any basis in law[,] as subsequently determined in a criminal court of law" and that "[s]uch action was undertaken for the purpose of harassing Plaintiffs and/or imposing financial and other detriments upon the Plaintiffs all in derogation of Plaintiffs' constitutional rights." (Compl. ¶¶ 18-19.) Importantly, Plaintiffs do not allege any specific constitutional violation or otherwise delineate the basis on which they assert either count. In Count Two, Plaintiffs claim that Defendants "did maliciously prosecute Plaintiffs[,]" and that "Plaintiffs have suffered damages as a direct and proximate cause of Defendants' actions." (Compl. ¶¶ 15-16.)

To begin, the Court notes that a complaint "requires more than labels and conclusions . . . Factual allegations must be enough to raise a right to relief above the speculative level . . ." *Twombly*, 550 U.S. at 555. The Court finds that Counts One and Three of the Complaint attempt to raise claims of malicious prosecution.[4] Even if the Court were to consider these two counts on the merits, the allegations are duplicative of the malicious prosecution claim. The Court, therefore, will analyze the three counts as asserting one claim for malicious prosecution.[5]

Defendants argue that the civil version of malicious prosecution applies and Plaintiffs' claim should be dismissed. (Defs.' Moving Br. 9.) In opposition, Plaintiffs argue that the criminal malicious prosecution standard applies because "Defendants turned what should have been a civil

---

[4] The bulk of Plaintiffs' pleading as to Count One is an excerpt of a transcript from the November 12, 2020 hearing at which Judge Shamey of the Readington Township Municipal Court dismissed the City's first complaint against Plaintiffs. (See Compl. ¶ 11.) Plaintiffs do not explain the significance of the transcript or the judge's ruling; the Court, consequently, is left to guess at its import in the present suit. Plaintiffs conclude by stating vaguely that, "Plaintiffs have been damaged as the direct and proximate result of the Defendants' unconstitutional behavior." (Compl. ¶ 12.)

[5] To the extent Plaintiffs attempt to assert any other cause of action, factually unsupported allegations of misconduct and legal conclusions are insufficient to state a claim. *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

enforcement action into a quasi-criminal action by issuing summons in municipal court." (Pls.' Opp'n Br. 19.)

The Court first addresses the proper standard. In New Jersey, municipal court proceedings to prosecute code violations are "essentially criminal in nature." *City of Bayonne v. Landico Realty, Inc.*, No. A-0942-07T3, 2008 WL 5272869, at *5 (N.J. Super. Ct. App. Div. Dec. 22, 2008) (quoting *Twp. of Pennsauken v. Schad*, 160 N.J. 156, 171 (1999)). Here, however, the Readington Township Municipal Court found that the case was not properly before it because the construction official had not yet attempted to "compel compliance" and dismissed the action. (Compl. Ex. A, Hearing Tr. 8:23-9:15.) Thus, the Court finds good cause to consider this action in accordance with the civil malicious prosecution standard.[6]

New Jersey law recognizes a cause of action for malicious prosecution of a civil action where, "the [suit] was brought without probable cause, . . . it was actuated by malice, . . . plaintiffs suffered a special grievance, and . . . [the] proceeding has been terminated favorably to the plaintiff." *Venuto v. Carella, Byrne, Bain, Gilfillan, Cecchi & Stewart, P.C.*, 11 F.3d 385, 388-89 (3d Cir. 1993) (citing *Rubin v. Nowak*, 590 A.2d 249, 250 (N.J. Super. Ct. App. Div. 1991)).

The Court need only address the malice and special grievance prongs to dismiss the Complaint. Here, Plaintiffs do not plead any facts indicating that the City or Construction Official Rogers were driven by malice to issue the Construction Code notices. The pleading only offers the conclusory statement, "Defendants did maliciously prosecute Plaintiffs." (Compl. ¶ 15.) This is not enough to plausibly allege Defendants acted maliciously. *See Boseman v. Upper Providence*

---

[6] In any event, a quasi-criminal offense is neither a "crime nor an offense under the Criminal Code[.]" *State v. Gibson*, 98 A.3d 519, 527 (N.J. 2014).

*Twp.*, 680 F. App'x 65, 69 (3d Cir. 2017) (affirming dismissal of malicious prosecution claim where plaintiff "did not plead anything but a conclusory allegation of malice.").

Plaintiffs also fail to plead a "special grievance." Courts have defined a special grievance as follows:

> Special grievance in the context of malicious civil litigation has been held to consist of the interference with a party's personal liberty or property. Examples of such interference or deprivation sufficient to constitute the requisite special grievance are the appointment of a receiver, filing of a petition in bankruptcy, granting of an injunction, issuance of a writ of attachment or writ of replevin, filing of a *Lis pendens,* issuance of an order of arrest, wrongful interference with possession or enjoyment of property, etc.

*Penwag Prop. Co. v. Landau*, 372 A.2d 1162, 1166 (N.J. Super. Ct. App. Div. 1977) (citations omitted), *aff'd*, 388 A.2d 1265 (1978). Here, Plaintiffs do not plead any deprivation of or interference with property or liberty that would rise to the level of a special grievance; they only allege generally that "Plaintiffs have suffered damages as a direct and proximate cause of Defendants' actions." (Compl. ¶ 16.) Plaintiffs' pleading as to Count Two thus fails to satisfy the standard set forth by Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6).

**B. Count Five**

Defendants urge the Court to dismiss Count Five because Plaintiffs plead no facts to support a claim for willful misconduct. (Defs.' Moving Br. 13.) In Count Five, Plaintiffs repeat the same basic allegations as in Counts One through Four but also allege that Mayor Julia Fahl and members of the Lambertville City Council, "together with the Construction Code Official" engaged in "willful misconduct" through the issuance of summonses after the initial complaint was dismissed. (Compl. ¶ 37; Compl. Ex. A, Hearing Tr. 1.) Plaintiffs allege that in doing so, Defendants "have acted under color of law to deprive the Plaintiffs of their New Jersey and United

States Constitutional civil rights including but not necessarily limited to the prohibition against twice being charged for the same offense." (Compl. ¶ 38.)

Plaintiffs seek to rely on the Double Jeopardy clause of the Fifth Amendment,[7] which prohibits being prosecuted or punished twice for the same crime. U.S. Const. Amend. V ("[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . . ."). The Double Jeopardy clause does not apply to a defendant who, as here, has been subject to two separate civil municipal enforcement actions. *See Hudson v. United States*, 522 U.S. 93, 99 (1997) ("The Clause protects only against the imposition of multiple *criminal* punishments for the same offense . . . .") (emphasis in original); *see also United States ex rel. Marcus v. Hess*, 317 U.S. 537, 548-49 (1943) ("Only" "actions intended to authorize criminal punishment to vindicate public justice" "subject[s] the defendant to 'jeopardy' within the constitutional meaning" (citing *Helvering v. Mitchell*, 303 U.S. 391, 397-98 (1938)); *Breed v. Jones*, 421 U.S. 519, 528 (1975) ("In the constitutional sense, jeopardy describes the risk that is traditionally associated with a criminal prosecution"). The protections of the Double Jeopardy clause simply do not apply to the code violations at issue here.

As in the previous counts, Count Five's allegations consist of legal conclusions rather than well-pled facts. The mere fact that the City issued two code enforcement actions for the same property does not, without more, establish that Defendants "deprive[d] the Plaintiffs of their New Jersey and United States Constitutional civil rights." (Compl. ¶ 38.) Even construed generously as a 42 U.S.C. § 1983 claim, Plaintiffs' pleading here fails to allege any facts that, if true, would

---

[7] Plaintiffs repeatedly confuse the administrative enforcement actions taken by the City for a criminal prosecution. In addition to citing the Double Jeopardy clause, they refer to the Readington Township Municipal Court as a "criminal court of law" (Compl. ¶ 18), and allege malicious prosecution by Defendants, without noting the important distinction between the civil and criminal versions of that charge. (*See generally* Compl.)

8

establish a civil rights violation under either the U.S. or New Jersey constitution. The Court therefore grants Defendants' motion to dismiss as to Count Five.

### C.     Count Four

Finally, Defendants argue that Count Four of Plaintiffs' Complaint fails because the Complaint does not plead any plausible allegations to support a claim for conspiracy. (Defs.' Moving Br. 11.) In Count Four, Plaintiffs allege a conspiracy between former Mayor David Delvecchio, Joseph Jingoli & Sons "and its principals, Joseph Jingoli and Michael Jingoli . . . to [deprive] Plaintiffs of their rights and privileges accorded them under the Constitution of the United States and the Constitution of New Jersey." (Compl. ¶¶ 24-25.) Plaintiffs allege that:

> [o]n information and belief, DelVecchio in his capacity as Mayor conspired with the other Defendants to direct and instruct Kenneth Rogers to do everything possible in his capacity as Zoning Officer to harm or destroy the financial assets of Academy Hill, Inc. and Merrick Wilson by way of issuing two (2) summonses to Merrick Wilson for an unsafe structure (former Lambertville High School), fully knowing that Wilson did not own the old Lambertville High School building personally.

(Compl. ¶ 23.)

Under New Jersey law, a civil conspiracy consists of,

> [A] combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong or injury upon another, and an overt act that results in damage.

*Banco Popular N. Am. v. Gandi*, 876 A.2 253, 263 (N.J. 2005) (internal citations omitted). Where there is no underlying constitutional violation, however, a conspiracy claim necessarily fails. *Talley v. Varner*, 786 F. App'x 326, 329 (3d Cir. 2019); *see also Harvard v. Cesnalis*, 973 F.3d 190, 207-08 (3d Cir. 2020); *Hamborsky v. O'Barto*, 613 F. App'x 178, 182 (3d Cir. 2015) (holding that an underlying constitutional violation is a "prerequisite for conspiracy liability"). Here, Plaintiffs' conspiracy claim must fail because the Court has not found that there is any underlying

constitutional violation. *See Talley*, 786 F. App'x at 329. Accordingly, the Court dismisses Plaintiffs' conspiracy claim for failure to state a claim upon which relief may be granted.

## IV.   CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motion to Dismiss. The Court will enter an Order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE